NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0905n.06
Filed: November 17, 2005

No. 04-1998

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CENTURY INDEMNITY CO., et al., | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiffs-Appellees*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| AERO-MOTIVE CO., et al., | ) | **O P I N I O N** |
| | ) | |
| *Defendants-Appellants*. | ) | |

BEFORE:   DAUGHTREY and COLE, Circuit Judges; HEYBURN, Chief District Judge[*]

**PER CURIUM.**  Appellees, Century Indemnity Company, Continental Insurance Company,
and One Beacon Insurance Company, filed this action in the district court seeking a declaration that
they are not obligated to Aero-Motive Manufacturing Company ("Aero I") or Aero-Motive
Company ("Aero II") under their insurance policies, and a declaration that they are not bound by
a consent judgment in which Aero I and Aero II are parties.  Appellants in this case are William
Becker, Roger Becker, and Aero I, and have assumed the defense of Aero II.

The Beckers, sole shareholders of Aero I, sold Aero I and its facility to a company which
later became Aero II.  In 1991, Aero II discovered environmental contamination at the facility that
had occurred during the Beckers' stewardship of Aero I.  This declaratory judgment action follows

---

[*] The Honorable John G. Heyburn II, Chief United States District Judge for the Western
District of Kentucky, sitting by designation.

an earlier case in which Aero II sued the Beckers for damages relating to this contamination and in which they entered into a consent decree.

Appellants appeal the district court's orders: 1) that the insurers did not have a duty to defend the lawsuits; 2) that the consent judgment was not entered into in good faith and was not reasonable; 3) that the Beckers were not relieved of their contractual duty to cooperate; 4) that Aero II's motion to stay the declaratory judgment action was denied; 5) that the Beckers' breach of their duty to cooperate relieved the insurers of their contractual obligations to Aero II; 6) that defense costs were allocable; 7) that One Beacon's and Continental's duty to defend arose when the policies were tendered to them; 8) that Aero II was not entitled to coverage as an assignee of Aero I's policies and was not entitled to coverage under the "operation of law" theory; 9) that Continental and One Beacon were only liable for limited defense costs; 10) that Aero II was not entitled to past defense costs from One Beacon; 11) that penalty interest under M.C.L. § 500.2006 was not proper; and 12) granting summary judgment to Continental that its policy limits from July 1, 1966 to August 11, 1967, was $25,000.

## I.

This Court generally reviews a district court's interpretation of a consent decree *de novo*, and the underlying findings of fact for clear error. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 371 (6th Cir. 1998) (citing *Huguley v. General Motors Corp*., 67 F.3d 129, 132 (6th Cir. 1995)). Here, we review the interpretation of a consent judgment by the district court that crafted the judgment. When a district court authors the consent judgment, it is given greater

deference when it is parsing its own work. *Id.* Therefore, our standard of review is more properly referred to as "deferential de novo." *Id.* As this Court has noted:

> [A]t first blush, giving substantial deference to the district court's interpretation of the [consent] decree appears to be inconsistent with de novo review. Yet, in *Brown v. Neeb*, 644 F.2d 551, 558 n.12 (6th Cir. 1981), we explained that the district court's reading of the decree was merely an additional tool for contract interpretation.

*Huguley*, 52 F.3d at 1369-70. "[F]ew persons are in a better position to understand the meaning of a consent decree than the district judge who oversaw and approved it." *Brown*, 644 F.2d at 558 n.12.

We review a district court's ruling on a motion to stay a declaratory judgment action for abuse of discretion. *AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir. 2004) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289–90 (1995)).

We review a district court's grant of summary judgment *de novo*. *Cincinnati Inc. Co. v. Zen Design Group, LTD*, 329 F.3d 546, 551-52 (6th Cir. 2003). However, when a district court finds that questions of fact preclude summary judgment, we review the district court's denial of summary judgment for abuse of discretion. *Pinney Dock and Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1472 (6th Cir. 1988).

## II.

After a careful review of the record, applicable law, and the parties' briefs, we conclude that the district court exhaustively analyzed and considered all the issues before it, and correctly applied the complex legal principles to the facts before it. Given this thorough analysis and consideration by the district court, reflected in multiple orders and opinions, no useful purpose would be served

by our recitation of principles and conclusions handled so comprehensively by the district court.

We thus **AFFIRM** the district court's judgments on the basis of its well-reasoned opinions.